[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action based upon an alleged lockout of the plaintiff's apartment. The plaintiff had leased the apartment and upon attempting to enter said premises, he was denied access by the defendant changing locks on the dwelling. The plaintiff further claims that upon the entry of the defendant, said defendant destroyed or appropriated items that were in the premises. The defendant's contention that a lockout occurred was correct and constituted a bailment on the landlord's part. As part of that bailment, the landlord was obligated to protect the property of the plaintiff. CT Page 5641
The defendant claimed he received a shortfall in the rent during the term of the lease that amounted to approximately $3,000.00. The defendant had a recorded document indicating the monthly payments of rent. The plaintiff claimed rent was always paid in cash. The plaintiff never received any rent receipts or documents indicating the rent had been paid in full. Therefore, the court finds that the amount of damages or appropriation of the plaintiff's property is set off in full by the shortfall in rent during the term of the lease. There was an escrow deposit of $700.00 which the landlord indicated he had received and recorded on the lease that he had received said item. The defendant landlord now denies the receipt of said money but the only indication the court has as to that dispute is the fact that the landlord defendant acknowledged receipt of the security. Therefore, the plaintiff is entitled to receive the security deposit of $700.00 plus interest.
The plaintiff claims attorney's fees. The court denies the relief for attorney's fees on all counts. The court denies any exemplary or punitive damages as to counts one, two, three and four. As to count five, the court denies any double damages pursuant to 47a-21.
Philip E. Mancini, Jr. State Trial Referee